**Order entered December 14, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00498-CR

**BRADRICK JERMAINE COLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. MA17-18552-F**

## ORDER

This appeal is **REINSTATED**.

Before the Court is appellant's December 5, 2018 fifth motion to supplement the record. In his motion, appellant seeks the Court's assistance in obtaining a supplemental clerk's record to include (1) exhibits allegedly filed with his April 12, 2018 brief in support of his motion to arrest judgment ("brief in support" hereinafter); (2) exhibits allegedly filed with his February 22, 2018 motion to suppress medical records; a February 12, 2018 motion to suppress evidence and request for a *Franks* hearing and exhibits ("motion to suppress evidence" hereinafter); a February 20, 2018 corrected motion to suppress evidence and request for a *Franks* hearing and exhibits ("corrected motion to suppress evidence" hereinafter); and "all audio and video that are a part of the clerk's record."

The record shows appellant filed a September 7, 2018 motion to supplement the record with his brief in support. On September 13, 2018, the Court issued an order adopting the trial court's findings that appellant was not indigent, ordering appellant to file verification that he had paid, or arranged to pay, for the reporter's record and granting his motion to supplement the record with the brief in support. On September 20, 2018, the trial court clerk filed a supplemental clerk's record containing a copy of the brief in support. The trial court clerk's filing did not, however, contain any of the exhibits referenced within the body of the brief and allegedly filed with the brief in support.

On October 3, 2018, the Court issued an order that, among other items, ordered appellant to provide written verification within ten days that he had paid or arranged to pay for the reporter's record. Appellant was warned that if he failed to file the written verification as directed, the case would be submitted without a reporter's record.

On October 3, 2018, appellant filed his second and third motions to supplement the record. In his second motion, appellant requested supplementation with (1) the exhibits to the brief in support and to his motion to suppress medical records and (2) his motion to suppress evidence and corrected motion to suppress evidence and the exhibits to those motions. In his third motion, appellant requested supplementation with the information and complaint charging him with a misdemeanor.

On October 5, 2018, the Court issued an order denying appellant's third motion to supplement on the grounds the requested documents were already part of the record on appeal, and granting in part appellant's second motion to supplement ordering the missing exhibits and the filing of the corrected motion to suppress evidence. To the extent the trial court clerk did not

possess any of the ordered documents, the trial court clerk was directed to provide written verification stating the documents were not in the trial court clerk's possession.

On October 19, 2018, the Court issued a second order directing the trial court clerk to file, within ten days, the documents referenced in the October 5, 2018 order. The October 19, 2018 order also observed that appellant had not filed written verification of payment for the reporter's record as required by the Court's October 3, 2018 order. The Court ordered this appeal submitted without a reporter's record.

On October 22, 2018, the trial court clerk filed a supplemental clerk's record containing appellant's corrected motion to suppress evidence, his motion to suppress medical records, and his brief in support. No exhibits were included with any of the documents.

On October 24, 2018, appellant filed his fourth motion to supplement the record requesting all of the items he had requested in his second motion to supplement and adding a request for "all audio and video that are a part of the clerk's record." On November 1, 2018, the Court issued an order abating this appeal to the trial court so that it could make findings regarding the accuracy and completeness of the clerk's record. The trial court was ordered to

> conduct such inquiries and to enter such orders as are necessary to determine whether any exhibits were filed with appellant's April 12, 2018 brief in support of his motion to arrest judgment, February 22, 2018 motion to suppress medical records, and February 20, 2018 corrected motion to suppress evidence. The trial court is further directed to determine if the clerk's record needs to be supplemented with any other documents or audio or video recordings necessary to resolve this appeal.

On November 30, 2018, the trial court filed a supplemental clerk's record containing a brief reporter's record in which the trial court made the following findings of fact:

(1)     All exhibits were contained in the clerk's record but were not indexed separately because the exhibits were included inside of the appellant's motion. The exhibits were not filed separately by appellant.

(2)    The clerk's record is accurate and complete.

(3)    The clerk's record contains exhibits in support of appellant's motion to arrest judgment.

(4)    The clerk's record contains exhibits in support of appellant's motion to suppress medical records.

(5)    The clerk's record contains appellant's motion and corrected motion to suppress evidence, request for a *Franks* hearing, and supporting exhibits.

In his December 5, 2018 fifth motion to supplement the record, in addition to re-requesting the exhibits and documents he alleges are omitted from the record, appellant contends the trial court's process for making its findings violated his right to due process of law because the trial court did not conduct any hearings or solicit his input before making its findings. Appellant further contends the trial court did not provide any basis for its findings and that the findings lack support in the record. Appellant complains there are no copies of the exhibits included with the trial court's findings and no mention of appellant's brief in support. Appellant contends that the exhibits were filed separately from the brief and motions at issue. He attaches as exhibits to his fifth motion to supplement copies of efiling receipts showing he filed the brief and motions at issue and sets of exhibits for those documents.

The clerk's record contains both the motion to suppress evidence and corrected motion to suppress evidence. The motion to suppress evidence includes a complete set of the exhibits which are identical to the two motions. Thus, none of the exhibits are missing from the record.

The brief in support and motion to suppress medical records are also contained in the clerk's record. Although the record does not contain packages of exhibits that correspond to the description of the exhibits within the brief in support and motion to suppress medical records, copies of most of the exhibits appear elsewhere in the record. With regard to the Brief in

support, the clerk's record contains copies of the complaint, information, Officer Embry's affidavit, and the specimen routing reports (exhibits A–C, E, F). Within the voluminous record, the Court has not located exhibits described as an administrative law review hearing, call sheet, and written objections (exhibits D, G, and H). Regarding the motion to suppress medical records, the clerk's record contains the exhibits identified as the first and second motions for discovery, motion requesting the names and addresses of witnesses, appellant's medical records, the subpoena for the medical records, specimen routing report, and toxicology worksheet and inbound evidence receipt (exhibits A, A-1, B, D, F, G, H, and I). The exhibits described as the affidavit of Vickie Rose, a biohazard bag, and a document evidencing the State sending appellant a second copy of the medical records have not been found (exhibits C, E, and J). The trial court denied appellant's motion on the ground the State did not intend to introduce the medical records into evidence. Without a reporter's record, it is impossible to determine whether any of the exhibits appellant cites were admitted into evidence at trial.

We cannot agree with the trial court's findings that the exhibits for the brief in support and motion to suppress medical records were filed with the brief and motion. Nevertheless, because most of the exhibits appear elsewhere in the record, the remaining items appear to be immaterial to resolution of this appeal, and there appears to be no audio or video recordings to include within the clerk's record, we agree with the trial court that the clerk's record is now complete. Appellant may raise issues related to the absence and materiality of any of the missing exhibits in his brief.

Accordingly, we **DENY** appellant's fifth motion to supplement the record.

Appellant's brief shall be due **THIRTY DAYS** from the date of this order.


/s/    LANA MYERS
JUSTICE